UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LANEL M. PAGAN,

Plaintiff,

1:17-CV-00484(TWD)

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LANEL M. PAGAN
Plaintiff, *pro se*
661 Lansing Road, Unit A
Fultonville, NY 12072

HON. GRANT JAQUITH
Interim United States Attorney
for the Northern District of New York
*Counsel for Defendant*
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207

HASEEB FATMI, ESQ.
Special Assistant U.S. Attorney

OFFICE OF GENERAL COUNSEL
Social Security Administration
26 Federal Plaza, Room 3904
New York, New York 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**DECISION and ORDER**

## I. INTRODUCTION

Presently before the Court is the motion (Dkt. No. 19) of Defendant Nancy A. Berryhill, Acting Commission of Social Security ("Commissioner"), to dismiss Plaintiff's complaint

(Dkt. No. 1) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and this Court's General Order 18 based upon Plaintiff's failure to prosecute. For the reasons that follow, the Court grants the Commissioner's motion and dismisses Plaintiff's complaint.

## II. PROCEEDINGS TO DATE

Plaintiff, Lanel M. Pagan ("Pagan"), commenced this action pursuant to 42 U.S.C. §405(g) for review of an adverse decision of the Commissioner of Social Security by the filing of a complaint on May 3, 2017. (Dkt. No. 1.) The Court provided Pagan with a copy of this Court's General Order 18 (Dkt. No. 4) and the Court's *Pro Se* Handbook and Notice. (Dkt. No. 6.) Plaintiff consented to jurisdiction by the Magistrate Judge (Dkt. No. 5), and her request to proceed *in forma pauperis* (Dkt. Nos. 3, 11) was granted. (Dkt. No. 12.) The Commissioner filed the certified administrative record on September 7, 2017, and served it upon the *pro se* Plaintiff. (Dkt. Nos. 15, 16.) Plaintiff's brief was therefore due on October 23, 2017. *See* N.D.N.Y. General Order 18C(1) (Dkt. No. 4 at 3).

On May 7, 2018, the Court issued a Text Order noting the deadline for Plaintiff to file her brief had passed, and Plaintiff had not requested an extension from the Court. (Dkt. No. 17.) In view of Plaintiff's *pro se* status, the Court *sua sponte* extended Plaintiff's time to file a brief to June 6, 2018. *Id.* Plaintiff was warned that failure to file her brief would result in dismissal of the action for failure to prosecute and failure to follow court orders. *Id.* The Court issued another Text Order on June 11, 2018, noting again that Plaintiff filed to file her brief despite the extension, and directed the Commissioner to file a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) by June 25, 2018. (Dkt. No. 18.) Defendant filed the present motion to dismiss for failure to prosecute on June 12, 2018. (Dkt.

No. 19.) Thereafter, the Court issued a Text Notice indicating Plaintiff's response to the motion was due by July 2, 2018. (Text Notice 6/12/2018.) As of the date of this Decision and Order, Plaintiff has failed to file a brief, or request an extension of any of the deadlines set by the Court. Plaintiff has likewise failed to contact the Court with any further information and she has not indicated she intends to prosecute this case, nor has she otherwise communicated with the Clerk regarding this action.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006). In Social Security cases, General Order 18, under the heading "**NOTIFICATION OF THE CONSEQUENCES**

[1] The Court will provide pro se Plaintiffs with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPH (1)(A-D)**" (emphasis in original), provides that "In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief." N.D.N.Y. General Order 18; *see* Dkt. No. 4 at 5. Also, the Notice that Plaintiff received from the Court with the *Pro Se* Handbook which Plaintiff acknowledged receiving on May 3, 2017, states "If your opponent files a motion and you fail to oppose it, and the moving party has met its burden, the Court may consider your failure to oppose the motion as your consent to the relief requested in the motion. L.R. 7.1(b)(3)." (Dkt. No. 6 at 1.)

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute her claim, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Pagan has failed to file anything with the Court since her *in forma pauperis* application almost a year ago on July 14, 2017. (Dkt. No.

11.) A separate chambers docket note shows Plaintiff was present in the Clerk's Office on September 14, 2017, at which time she was told her brief was due October 23, 2017.[2] (Chambers Note 9/14/2017.) Thus, Plaintiff's last contact with the court was nearly ten months ago. After the original due date for Plaintiff to file her brief, the Court provided her with another opportunity to file a brief (Dkt. No. 17) and she did not do so. Plaintiff also failed to file any response to the present motion. Despite prodding from the Court, Plaintiff has not followed the Court's orders and directives after being given multiple opportunities to do so. Accordingly, the Court finds the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff failed to contact the Court or file a brief or request an extension after being given opportunities to do so by the Court. (Dkt. Nos. 17, 18, Text Notice 6/12/2018.) Plaintiff was also specifically notified by Text Order (Dkt. No. 17) that her failure to file a brief would result in dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset*

---

[2] General Order 18C(1) also identifies when Plaintiff must file her brief. (Dkt. No. 4 at 6.)

*Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendant who has filed all required documents in accordance with General Order 18 or as directed by the Court. (Dkt. Nos. 9, 15.) Also, because of Plaintiff's lack of response to the Court's directives, the Defendant was required to submit the present motion to dismiss. (Dkt. No. 18.) Nothing of substance has been completed in this case since the filing of the administrative transcript (Dkt. No. 15) over ten months ago. Therefore, the third factor also weighs in favor of dismissal.

Under the circumstances, the Court finds the need to alleviate congestion on the Court's docket, and move cases toward trial, outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this when one party refuses to participate that delays the resolution of this and other cases, and that contributes to the Second Circuit's relatively long median time to disposition for social security cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal of Plaintiff's complaint and finds them to be inadequate under the circumstances.

**IV. CONCLUSION**

The Court's records fail to reveal that any meaningful steps have been taken by Plaintiff to pursue her claims in this action. Despite several orders from the Court directing Plaintiff to take specific steps to pursue this action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for

pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court or to file a brief, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint is dismissed with prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that Defendant's motion (Dkt. No. 19) is **GRANTED** and the complaint is **DISMISSED with prejudice**, for failure to prosecute; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Court's local rules.

**IT IS SO ORDERED.**

Dated: July 11, 2018
Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge